IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jaleel Vaughn Page,<br><br>   Petitioner,<br><br> v.<br><br>Warden Dunlap,<br><br>   Respondent. | C/A. No. 0:16-2131-CMC<br><br><br>**Opinion and Order** |

  This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a motion for summary judgment, as well as a return and memorandum of law on October 28, 2016. ECF Nos. 23, 24. A *Roseboro* Order was mailed to Petitioner on October 31, 2016, advising Petitioner of the importance of a dispositive motion and the need for Petitioner to file an adequate response. ECF No. 25. Petitioner did not respond. The Magistrate Judge entered a second order on December 8, 2016, directing Petitioner to advise the court as to whether he intended to continue with the case and to file a return to the motion for summary judgment. ECF No. 29. Petitioner failed to respond in any way to that Order as well.

  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On January 4, 2017, the Magistrate Judge issued a Report recommending that the action be dismissed with prejudice for lack of prosecution and that any pending motions be terminated. ECF No. 32. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences

if he failed to do so.  Petitioner has filed no objections and the time for doing so has expired, and Petitioner's copy of the Report has not been returned to the court.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *See Matthews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).   The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the entire record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error.  Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.  The court finds that Petitioner has failed to adequately respond to Orders of the Court and thereby shown a lack of prosecution.  Further, the court finds that the factors regarding dismissal pursuant to Rule 41(b) are met in this case: Petitioner is personally responsible for the failure to respond to numerous court orders; Respondent has been prejudiced in the time spent preparing a voluminous response to Petitioner's filing; Petitioner has been given multiple extensions of time and opportunities to respond, showing a history of proceeding in a "dilatory fashion;" and no sanction less drastic than dismissal exists.  *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).  This

matter is **dismissed with prejudice** for failure to prosecute. *Id.* ("The district court had authority under Rule 41(b) to dismiss the case with prejudice, on its own motion, for failure to prosecute."). Respondent's motion for summary judgment is moot.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 24, 2017